**James DEMETRION, Plaintiff-Appellee,**

v.

**William EDWARDS and Yellow Cab Company, Defendants-Appellants.**

**No. 17182.**

United States Court of Appeals
Seventh Circuit.

Aug. 4, 1969.

---

Peter Fitzpatrick, George Kaye, Chicago, Ill., for defendants-appellants, Fitzpatrick & Kaye, Jesmer & Harris, Chicago, Ill., of counsel.

James B. Moran, James E. O'Halloran, Jr., Chicago, Ill., for plaintiff-appellee, Bell, Boyd, Lloyd, Haddad & Burns, Chicago, Ill., of counsel.

Before KILEY, SWYGERT and KERNER, Circuit Judges.

KERNER, Circuit Judge.

This is an action brought in federal court on the basis of diversity of citizenship to recover damages for injuries suffered by plaintiff while a passenger in a taxicab owned by defendant Yellow Cab Company, and driven by defendant Edwards. The jury rendered a verdict for the plaintiff from which defendants appeal.

The only question before the Court is whether or not the defendant Yellow Cab Company had contracted with the plaintiff as a common or private carrier. If Yellow Cab Company was a common carrier, it owed plaintiff a high degree of care, while if a private carrier, plaintiff was only owed an ordinary degree of care.

Plaintiff was visiting in Chicago, Illinois, and called defendant Yellow Cab Company which sent a cab driven by defendant Edwards to pick him up. Plaintiff told the driver that his destination was a motel located in Rosemont, Illinois, near O'Hare Airport. The driver called the dispatcher and asked whether the trip to Rosemont was a metered or flat rate. The dispatcher told Edwards that the rate was metered and Edwards then drove the cab toward Rosemont. The cab was involved in an accident en route to Rosemont and plaintiff was injured.

Whether a carrier is a common or private one is dependent on the nature of its tender. Rathbun v. Ocean Accident & Guarantee Corp., 299 Ill. 562, 566–567, 132 N.E. 754, 19 A.L.R. 140 (1921). If a carrier seeks to serve a particular class of individuals, it is a private carrier. A carrier which invites the general public is a common carrier. Hopkins v. Yellow Cab Co., 114 Cal. App.2d 394, 250 P.2d 330, 332 (1952). Common carriers are ones that make a "public profession" out of the carriage

of "all who apply." 1 Hutchinson, On Carriers § 35 (3d ed.).

Defendants contend that since the Yellow Cab Company is licensed by the City of Chicago for carrying passengers within the city limits and, as a result, are not required to accept a contract for carriage outside the city, any trip to a destination outside the city limits involves a private contract of carriage. Further, counsel for defendants states that "In § 28–1(d), the Chicago Municipal Code defines the word 'taxicab' as a public passenger vehicle for hire 'when it is being operated between a point of origin and a destination within the corporate limits of the City.' "

The Illinois Supreme Court in Rathbun v. Ocean Accident & Guarantee Corp., 299 Ill. 562, 567, 132 N.E. 754 (1921), held that the license issued by the municipality of Danville authorizing the carriage of persons within the city limits was not determinative as to a trip outside the city. A municipal corporation would have no authority to license a carrier outside the corporate limits of the city. Too, the definition of a taxicab in the city ordinance is misquoted by counsel for defendants:

> § 28–1(d) The word "taxicab" means a public passenger vehicle for hire only at lawful rate of *fare which, when it is being operated between a point of origin and a destination within the corporate limits of the City, are as recorded* and indicated by a taximeter; [Emphasis added.]

The ordinance merely provides the method of calculating the fare to be charged within the city limits.

■ The defendant Yellow Cab Company was acting as a common carrier when it picked up the plaintiff. The defendant held itself out as able and willing to carry all passengers within a reasonable radius of the city. It makes a "public profession" out of the carriage of people. When the defendant received the call in this case, it immediately responded by sending a cab. No question was asked as to plaintiff's destination.

When the plaintiff told the driver where he was going, the driver called the dispatcher to inquire how to charge the plaintiff. There was no attempt to enter into a private contract of carriage. The defendant, Yellow Cab Company, was a common carrier prior to picking up the plaintiff and nothing transpired that would change its status.

Affirmed.